1
2
3
4
5
6                      IN THE UNITED STATES DISTRICT COURT

7                           FOR THE DISTRICT OF ARIZONA

8

9   Keith Ray Curren,                      )   No. CIV 10-2712-PHX-FJM (DKD)
                                           )
10                     Petitioner,         )
                                           )
11  vs.                                    )   **REPORT AND RECOMMENDATION**
                                           )
12  Charles L. Ryan, et al.,               )
                                           )
13                     Respondents.        )
                                           )
14  _____    )

15  TO THE HONORABLE FREDERICK J. MARTONE, U.S. DISTRICT JUDGE:

16          Keith Ray Curren filed a Petition for Writ of Habeas Corpus on December 16, 2010,

17  and an Amended Petition on January 20, 2011, challenging his conviction in Maricopa

18  County Superior Court for aggravated driving under the influence, with two prior DUI

19  convictions, and the imposition of a 10-year prison term.   In his sole ground for habeas

20  relief, Curren contends that he received the ineffective assistance of counsel during the plea

21  stage of his criminal case, resulting in the imposition of an excessively harsh sentence.

22  Respondents contend that the petition is untimely filed, and that Curren is not entitled to

23  statutory or equitable tolling.  The Court agrees and recommends that the petition be denied

24  and dismissed with prejudice.

25          Following Curren's conviction and sentencing, he filed a timely Notice of Post-

26  Conviction Relief on March 27, 2007 (Doc. 17, Exh E).  Appointed counsel moved to

27  withdraw, citing a conflict of interest (*Id.*, Exh F).  Substitute counsel filed a Notice of

28  Completion of Post-Conviction Review, indicating that she did not find any colorable claims

for relief (*Id*., Exh G).  On September 28, 2007, the trial court granted Curren a forty-five day extension to file a *pro per* petition (*Id*., Exh H).  On November 26, 2007, the trial court dismissed the post-conviction proceedings because Curren had not filed a petition by the November 11 deadline (*Id*., Exh I).  Over two years later, on January 21, 2010, Curren filed a Motion to Quash Warrants and/or Fines or in the Alternative Sentence in Absentia to Concurrent Term in the superior court (*Id*., Exh J).  On October 14, Current filed a Motion to Clarify Sentencing (*Id*., Exh K).  In that motion, Curren contended that he was sentenced under an incorrect statute (*Id*.).  On October 29, 2010, the trial court construed the Motion to Clarify as a successive post-conviction petition and dismissed it as untimely (*Id*., Exh L). Curren filed his federal petition on December 16, 2010.

Curren was required to file his federal petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 129 S.Ct. 681, 685 (2009).  Because he pleaded guilty, he was entitled to a Rule 32 "of-right" post-conviction relief proceeding, and the conclusion of that proceeding was the date on which Curren's conviction became final. *Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007).  Curren filed a timely notice of post-conviction relief on March 27, 2007.  On November 26, 2007, the trial court dismissed the post-conviction proceedings.  Curren's conviction became final on November 26, 2007.  Absent statutory tolling, he was required to file his petition on or before November 25, 2008.  His present petition, filed two years after this limitations period, is therefore untimely.

Curren's post-conviction petition filed in 2010 did not toll the limitations period.  "[A] properly and timely filed petition in state court only tolls the time remaining in the federal limitation period." *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001).  There can be no tolling following the expiration of the limitations period because "there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).  In

1    addition, his 2010 post-conviction petition does not revive the expired limitations period.

2    *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

3    In addition, Curren is not entitled to equitable tolling.  He has not demonstrated that

4    he had been pursuing his rights diligently and the existence of any extraordinary

5    circumstances which prevented him from timely filing his petition.  *Pace v. DiGuglielmo*,

6    544 U.S. 408, 418-19 (2005).  Curren has not filed a reply.  In his petition, he admits the

7    habeas petition is untimely, but asserts that he was unaware of the meaning of the term

8    "propria persona," and therefore did not file a *pro per* petition for post-conviction relief in

9    2007. Ignorance of the law is not an extraordinary circumstance warranting equitable tolling.

10   *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  In addition, he has provided no

11   explanation for why he waited three years to file his federal petition.  He is not entitled to

12   equitable tolling.

13   **IT IS THEREFORE RECOMMENDED** that Keith Ray Curren's Amended Petition

14   for Writ of Habeas Corpus be **denied and dismissed with prejudice** (Doc. 8).

15   **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave

16   to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is

17   justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

18   This recommendation is not an order that is immediately appealable to the Ninth

19   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

20   Appellate Procedure, should not be filed until entry of the district court's judgment.  The

21   parties shall have fourteen days from the date of service of a copy of this recommendation

22   within which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1);

23   Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen

24   days within which to file a response to the objections.  Failure timely to file objections to the

25   Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

26   and Recommendation by the district court without further review.  *See United States v.*

27   *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any

28

1    factual determinations of the Magistrate Judge will be considered a waiver of a party's right

2    to appellate review of the findings of fact in an order or judgment entered pursuant to the

3    Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

4         DATED this 14th day of June, 2011.

5

6    _____

7                              David K. Duncan
                         United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28